UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 01-4060

BOUNTAN CHANNITA,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-00-203)

Submitted: May 17, 2001

Decided: May 30, 2001

Before WIDENER, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas N. Cochran, Greensboro, North Carolina, for Appellant. Benjamin H. White, Jr., United States Attorney, Paul A. Weinman, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Bountan Channita pled guilt to one count of bank fraud. He was sentenced to 20 months' imprisonment and 5 years' supervised release. The court also ordered Channita to make restitution in the amount of $22,800, which was the total amount of the loss. On appeal, Channita argues that the district court should have apportioned the amount of restitution between him and the other participants in the crime, none of whom were defendants. Finding no error, we affirm.

Under the Mandatory Victims Restitution Act of 1996 ("MVRA"), restitution is mandatory for particular crimes, including those offenses involving fraud. See 18 U.S.C.A. § 3663A(a)(1), (c)(1)(A)(ii) (West 2000). The MVRA provides that "[i]n each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C.A. § 3664(f)(1)(A) (West 2000); see also 18 U.S.C.A. § 3663A(d) (providing that an order of restitution under 18 U.S.C.A. § 3663A "shall be issued and enforced in accordance with section 3664").

In those instances where there is more than one defendant, a court "may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." 18 U.S.C.A. § 3664(h). In the instant appeal, Channita was the only defendant. Thus, the district court was "required" to order Channita "to make restitution to the victim of a covered offense in the full amount of each victim's loss." United States v. Alalade, 204 F.3d 536, 540 (4th Cir.), cert. denied, 530 U.S. 1269 (2000).

Accordingly, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED